UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSE RAMOS,

                Petitioner,                      NOR FOR PUBLICATION
                                                               **MEMORANDUM AND ORDER**
      -against-                               00 CV 5809 (CBA)

DOMINIC J. MANTELLO, Superintendent,

                Respondent.
------------------------------------------------------------x
**AMON, Chief United States District Judge**:

      On August 9, 2004, this Court denied the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry No. 10.) The petitioner now seeks relief from the Court's order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The petitioner argues that his habeas proceedings should be reopened in light of the Supreme Court's recent decision in Cavazos v. Smith, 132 S. Ct. 2 (2011). For the following reasons, the motion is denied.

      **1. Background**

      The petitioner was convicted after a jury trial in New York State Supreme Court, Kings County, of Murder in the Second Degree in violation of N.Y. Penal Law § 125.25(1). In his original habeas petition, he argued that he was denied his constitutional right to counsel and his right to be present during the testimony of certain witnesses. Specifically, he argued that the trial court improperly held pretrial hearings pertaining to issues of identification, probable cause for arrest, and post arrest statements without the presence of the petitioner or his counsel. The Appellate Division rejected this claim on appeal, holding that the pretrial proceedings at which the petitioner and his counsel were absent were not material to the petitioner's case, as they focused on the identification and arrest of petitioner's six codefendants. People v. Ramos, 262

A.D.2d 587 (N.Y. App. Div. 1999). This Court denied petitioner's application for habeas relief, holding that the Appellate Division's ruling on the merits of the petitioner's claim was not contrary to or an unreasonable application of clearly established federal law.

**2. Rule 60(b) motion for relief from the Court's judgment**

"Rule 60(b) permits a court to relieve a party from a final judgment in exceptional or extraordinary circumstances." Persaud v. United States, 2010 WL 3000725, at *2 (E.D.N.Y. 2010). The rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In special circumstances, a postjudgment change in the law may constitute an extraordinary circumstance entitling a petitioner to relief under Rule 60(b)(6) from an order denying habeas relief. See Aneja v. M.A. Angeliades, Inc., 2010 WL 199681, at *2 (S.D.N.Y. 2010) (citing Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)). "However, Rule 60(b) is indisputably not a vehicle to relitigate the merits of a challenged decision." Maisonet v. Conway, 2011 WL 317833, at *3 (E.D.N.Y. 2011) (citing Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989)).

The petitioner urges this Court to reconsider the denial of his habeas petition in light of the Supreme Court's decision in Cavazos v. Smith, 132 S. Ct. 2 (2011). However, Cavazos did not effectuate a change in the law applicable to habeas proceedings, and also did not implicate

the constitutional issues raised in petitioner's original habeas application.  In <u>Cavazos</u>, the Supreme Court questioned when a reviewing court may set aside a jury's verdict on the ground that it was not support by sufficient evidence.  The Court reaffirmed the fundamental principle "that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from the evidence admitted at trial."  <u>Id.</u> at 5.  It also "highlight[ed] the necessity of deference to state courts in § 2254(d) habeas cases."  <u>Id.</u> at 7.  The Court's opinion does not provide any basis for this Court to reconsider the clams that were raised and rejected in the petitioner's application for habeas relief.

The other arguments advanced in the petitioner's motion challenge the underlying merits of this Court's order denying petitioner's application for habeas relief.  These arguments do not provide a basis for relief under Rule 60(b).  <u>Maisonet</u>, 2011 WL 317833, at *3.

### 3. Conclusion

The petitioner has not demonstrated extraordinary circumstances that entitle him to relief from the Court's August 9, 2004 order.  Accordingly, the petitioner's Rule 60(b) motion is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
      July 13, 2012